IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KAREN C. HAN, | ) | CIVIL NO. 18-00277 HG-KJM |
| Plaintiff, | ) | |
| vs. | ) | |
| YANGRAI CHO, | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 10)**

Plaintiff Karen C. Han, an individual, sued Defendant Yangrai Cho, an individual. Plaintiff Han claims that she has been injured by various corporations associated with Defendant Cho.

Defendant Cho filed a Motion to Dismiss Complaint (ECF No. 10) based on lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), and failure to join a party under Fed. R. Civ. P. 19 pursuant to Fed. R. Civ. P. 12(b)(7).

The Court lacks personal jurisdiction over Defendant Cho.

Defendant's Motion to Dismiss Complaint (ECF No. 10) is **GRANTED**.

## **PROCEDURAL HISTORY**

On July 18, 2018, Plaintiff Karen C. Han filed a Complaint. (ECF No. 1).

On October 29, 2018, Defendant Yangrai Cho filed MOTION TO DISMISS COMPLAINT. (ECF No. 10).

On November 13, 2018, Plaintiff Han filed her Opposition. (ECF No. 17).

On January 2, 2019, Defendant Cho filed his Reply. (ECF No. 20).

## **BACKGROUND**

On July 18, 2018, Plaintiff Han filed a Complaint. (Compl., ECF No. 1). Plaintiff Han is a citizen of the State of Texas. (Compl. at ¶¶ 6, 9, ECF No. 1).

Plaintiff Han brings suit in her individual capacity and as the "real party in interest" for Peninsula Asset Management (Cayman) Ltd. ("Peninsula Asset Management"). (Compl. at ¶¶ 6, 15, ECF No. 1).

Han founded Peninsula Asset Management in December 1995 to engage in the business of providing financial services to investment banks in international finance centers. (Id.) Peninsula Asset Management was a Grand Cayman Islands corporation and is now defunct. (Id.; Memorandum at p. 2, attached as Ex. A to Def.'s Mot. to Dismiss, ECF No. 10-2).

Plaintiff Han asserts claims solely against Defendant Yangrai Cho.  Defendant Cho is a citizen of the Republic of Korea.  (Compl. at ¶ 7, ECF No. 1; Def.'s Mot. to Dismiss at p. 3, ECF No. 10).

The claims asserted against Defendant Cho are based on his status as shareholder and management figure in a group of corporations that include Hankook Tire Worldwide Co., Ltd. and Hankook Tire Co. Ltd., (these entities are referred to as "Hankook Tire").  (Compl. at ¶¶ 73-94, ECF No. 1).  The Hankook Tire entities are corporations organized and existing under the laws of South Korea, with their principal place of business in Seoul, Republic of Korea. (Compl. at ¶ 7, ECF No. 1; Memorandum at p. 2, attached as Ex. A to Def.'s Mot. to Dismiss, ECF No. 10-2).

Plaintiff alleges that Hankook Tire established a separate entity, Ocean Capital Investment Limited ("Ocean Capital Investment") to raise investment funds.  (Compl. at ¶ 17, ECF No. 1).  Ocean Capital Investment is a Malaysian company.  (Ex. A to Compl., ECF No. 1-1).

The Complaint alleges that Hankook Tire hired Peninsula Asset Management in 1998 to act as Ocean Capital Investment's agent to raise funds for refinancing.  (Compl. at ¶ 21, ECF No. 1).  Hankook Tire and Defendant Cho allegedly used Peninsula Asset Management to perpetrate a money-laundering scheme to transfer $20 million dollars out of the Republic of Korea to an account in New York.  (Id.)

3

Plaintiff Han states three causes of actions solely against Defendant Cho:

(1) declaratory relief based on alter ego and/or piercing the corporate veil;

(2) fraud and fraudulent inducement; and

(3) civil conspiracy to commit fraud.

(Compl. at ¶¶ 1-2, 7, 73-94, ECF No. 1).

The lawsuit is the latest[1] in a series of actions filed by Han, her husband No Joon Park, and their corporation Peninsula Asset Management. They have sued Defendant Cho and the Hankook Tire entities. (Def.'s Mot. to Dismiss at pp. 1-2, ECF No. 10; Compl. at ¶¶ 1-3, 45-62, ECF No. 1).

Defendant Cho filed a Motion to Dismiss the Complaint. (Def.'s Mot. to Dismiss, ECF No. 10).

## **STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a complaint for lack of personal jurisdiction.

Where a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating

---

[1] Plaintiff Han, Peninsula Asset Management, and Park have unsuccessfully attempted to sue Defendant Cho and Hankook Tire several times in other federal district courts. See Peninsula Asset Management (Cayman), Ltd. v. Hankook Tire Co., Ltd., 2006 WL 2945642 (N.D. Ohio Oct. 13, 2006), rev'd, 509 F.3d 271 (6th Cir. 2007); Han v. Hankook Tire Co., Ltd., 2018 WL 4104198 (N.D. Ohio Aug. 28, 2018); Han v. Fin. Supervisory Serv., 2018 WL 791353 (S.D.N.Y. Feb. 8, 2018).

4

that the court has jurisdiction.  CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1073 (9th Cir. 2011).

When the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand a motion to dismiss for lack of personal jurisdiction.  Mavrix Photo, Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1223 (9th Cir. 2011); Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006).

Uncontroverted allegations in the complaint must be taken as true.  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).  Conflicts between parties over statements in affidavits must be resolved in plaintiff's favor in evaluating a 12(b)(2) motion to dismiss.  Id.

Where there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits.  Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998).  Hawaii's long-arm jurisdictional statute is coextensive with federal due process requirements and the analyses under state law and federal due process are the same.  Hawaii Forest & Trail Ltd. v. Davey, 556 F.Supp.2d 1162, 1168 (D. Haw. 2008).

## ANALYSIS

### I.   PERSONAL JURISDICTION

A district court may exercise personal jurisdiction over a defendant who has sufficient minimum contacts with the forum

5

state when "maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

A district court may exercise either general or specific jurisdiction over a defendant. Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414-16 (1984); Doe v. American Nat'l Red Cross, 112 F.3d 1048, 1050-51 (9th Cir. 1997). If the defendant's activities are insufficient to subject him to general jurisdiction, then the court looks to the nature and quality of the defendant's contacts in relation to the cause of action to determine whether specific jurisdiction exists. Lake v. Lake, 817 F.2d 1416, 1420-21 (9th Cir. 1987) (citation omitted).

**A.    General Jurisdiction**

The United States Supreme Court has held that "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." Daimler AG v. Bauman, 134 S. Ct. 746, 760 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011)).

Courts have in rare instances exercised general jurisdiction over an individual who is not domiciled in a jurisdiction. The individual's contacts with a forum must be so substantial that "the defendant can be deemed to be 'present' in that forum for all purposes" so that exercising general jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. Hendricks v. New Video Channel America,

6

LLC, No. 2:14-cv-02989-RSWL-SSx, 2015 WL 3616983, at *4 (C.D. Cal. June 8, 2015) (quoting Yahoo! Inc. v. La Lique Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205 (9th Cir. 2006)). A defendant's frequent visits to a forum, or even his owning property in a forum, do not, alone, justify the exercise of general jurisdiction over him. Id. (citing Span Constr. & Eng'g, Inc. v. Stephens, No. CIV-F-06-0286 AWI DLB, 2006 WL 1883391, at *5 (E.D. Cal. July 7, 2006)).

Plaintiff argues that there is general jurisdiction over Defendant Cho on the basis of his "physical presence" and property ownership in Hawaii.

Plaintiff Han alleges as follows in her Complaint:

> This Court has personal jurisdiction over Defendant because Defendant has engaged in continuous and systematic general business or other contacts that approximate physical presence in Hawaii. On information and belief, having decided to live a retired life in Hawaii, Defendant purchased in his own name as well as names of his family members and has continuously maintained his residence in various places in Hawaii since 1990--including but not limited to a house located at 5611 Kalanianaole Highway, Honolulu, a condominium located at 64 Ironwood Lane, Lahaina, and a condominium located at 1108 Auahi Street 37-A, Honolulu--which, on information and belief, is valued in total at over $15 million. Thus, Defendant made himself at home in this forum; and Defendant's physical presence in this forum has been substantial enough for an assertion by this Court of general jurisdiction over Defendant.

(Compl. at ¶ 11, ECF No. 1).

The mere presence of property in a forum state does not establish sufficient relationship between the owner of the property and the forum state to support the exercise of general

7

jurisdiction over an unrelated cause of action. Rush v. Savchuk, 444 U.S. 320, 328 (1980). General jurisdiction is lacking unless there are sufficient contacts to satisfy due process. Id. Neither Cho's business activities nor the corporate entities that Plaintiff Han wishes to reach are alleged to have had any connection to Hawaii.

Defendant's ownership of real estate unrelated to the allegations in the Complaint is insufficient to confer general jurisdiction. Plaintiff does not allege that Defendant has any significant contacts with Hawaii separate from Defendant's property ownership. The Court cannot exercise general jurisdiction over Defendant based only on his property ownership in Hawaii.

Plaintiff served Defendant in the Republic of Korea. Plaintiff did not serve Cho in Hawaii where Plaintiff alleges that Defendant has made himself "at home." (Notice of Commencement of Service in a Foreign Country, ECF No. 9).

The Court cannot exercise general jurisdiction over Defendant based on property ownership that is unrelated to the allegations in the complaint.

**B.  Specific Jurisdiction**

If a defendant is not subject to general jurisdiction, the forum state may still assert specific jurisdiction based on the quality and nature of the defendant's contacts with the forum state. Lake, 817 F.2d at 1420 (citation omitted). The jurisdictional analysis under state law and federal due process

are the same because Hawaii's long-arm jurisdictional statute is coextensive with federal due process requirements. Hawaii Forest & Trail Ltd. v. Davey, 556 F.Supp.2d 1162, 1168 (D. Haw. 2008).

The Ninth Circuit Court of Appeals employs a three-part test which requires the plaintiff to show that:

(1) the nonresident defendant has purposefully directed his activities or consummated some transaction within or with the forum state;

(2) the claim arises out of or relates to the defendant's forum-related activity; and

(3) the exercise of jurisdiction comports with fair play and substantial justice.

Schwarzenegger, 374 F.3d at 802.

If the plaintiff fails to satisfy either of the first two prongs of the test, jurisdiction in the forum would deprive the defendant of due process of law. Id. If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant. Id.

### (1) Purposeful Availment

The purposeful availment requirement protects a defendant from being hauled into a jurisdiction merely because of "random," "fortuitous," or "attenuated" contacts with the jurisdiction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

Plaintiff Han does not allege that Defendant Cho, Hankook Tire, or Ocean Capital Investment conducted business in Hawaii. The subject matter of the lawsuit relates to actions and agreements Plaintiff claims took place in South Korea, Malaysia, and other parts of the United States more than twenty years ago.

9

(Compl. ¶¶ 14-31, ECF No. 1). There has been no intentional action alleged to be expressly aimed at Hawaii. Plaintiff Han has not demonstrated that Defendant Cho purposely directed any activities towards the forum.

### (2) Arising out of forum-related activities

The second prong requires that the claim arise out of or be related to the defendant's forum-related activities. See Panavision, 141 F.3d at 1322.

Plaintiff does not allege that the claims in the Complaint arose out of any business transaction, tortious act or contract action that occurred in Hawaii. See Haw. Rev. Stat. § 634-35(1)-(4). Plaintiff also does not allege that the claims arose out of or are related to Defendant Cho's ownership, use, or possession of real estate in Hawaii.

Plaintiff's fraud based claims arising from the actions of Hankook Tire and Ocean Capital Investment are unrelated to Defendant's Cho ownership of property in Hawaii.

### (3) Reasonableness

The last prong states that the exercise of jurisdiction must comport with fair play and substantial justice. It would be unreasonable to find specific jurisdiction when Defendant Cho has not met the first two prongs of the test. See Panavision, 141 F.3d at 1322.

Defendant Cho is not subject to either general or specific jurisdiction in Hawaii.

## C. Plaintiff Han's Request for Jurisdictional Discovery

Plaintiff Han argues that rather than dismiss the action for lack of personal jurisdiction, Plaintiff should be permitted to conduct jurisdictional discovery that may reveal Defendant Cho's ongoing contacts and relationships in Hawaii. (Pl.'s Opp'n at pp. 3-7, ECF No. 17).

Discovery is warranted where "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Laub v. U.S. Dep't of the Interior, 342 F.3d 1080, 1093 (9th Cir. 2003). The Court may deny jurisdictional discovery where a plaintiff's claim of personal jurisdiction appears to be both "attenuated and based on bare allegations in the face of specific denials made by the defendants." Pebble Beach Co., 453 F.3d at 1160 (quoting Terracom v. Valley Nat'l Bank, 49 F.3d 555, 562 (9th Cir. 1995)).

It is uncontroverted that Defendant Cho is a citizen of South Korea. Plaintiff Han does not allege the corporate entities she wishes to hold accountable have any contacts with Hawaii. Plaintiff Han has not provided any basis to justify jurisdictional discovery.

Plaintiff's request for jurisdictional discovery is **DENIED**.

## CONCLUSION

Defendant's Motion to Dismiss Complaint (ECF No. 10) is **GRANTED**. The Court does not have personal jurisdiction over

Defendant Cho.

The Court need not review the additional bases for dismissal raised by Defendant Cho because the Court lacks jurisdiction.

IT IS SO ORDERED.

DATED: March 21, 2019, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

Karen C. Han v. Yangrai Cho; Civ. No. 18-00277 HG-KJM; **ORDER GRANTING DEFENDANT YANGRAI CHO'S MOTION TO DISMISS COMPLAINT (ECF No. 10)**